

IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Bernice Ebling, Pro Se, | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Case: 1:10-cv-00914 |
| | ) | Assigned To : Kessler, Gladys |
| | ) | Assign. Date : 6/2/2010 |
| | | Description: FOIA/Privacy Act |
| Department of Justice, | ) | |
| Defendant | ) | |
| | ) | |

COMPLAINT FOR INJUNCTIVE RELIEF

1.) This is an action under the Freedom of Information Act ("FOIA"), 5 USC §552 and the Privacy Act ("PA"), 5 USC §552a. Plaintiff Bernice Ebling seeks injunctive and other appropriate relief for the processing and release of records requested by plaintiff from two federal agencies, both components of defendant Department of Justice ("DOJ"):

    a.) the Federal Bureau of Investigation ("FBI"); and

    b.) the Executive Office of United States Attorneys ("EOUSA").

2.) Plaintiff seeks disclosure of records pertaining to William Steven Price and Tami Lynn Price.

3.) Plaintiff has secured a privacy waiver for each of the persons of interest regarding the requested records.

4.) Defendant has accepted said waivers as authentic and valid.

## JURISDICTION AND VENUE

5.) This Court has both subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 USC §552(a)(4)(B).  This Court also has jurisdiction over this action pursuant to 28 USC §1331.  Venue lies in this district under 5 USC §552(a)(4)(B).

PARTIES

6.) Plaintiff Bernice Ebling is a United States citizen residing in Saint Joseph, Missouri;

7.) Defendant Department of Justice, as well as components Federal Bureau of Investigation and Executive Office of United States Attorneys, are all "agencies" within the meaning of 5 USC §552(f).

PLAINTIFF'S CLAIMS REGARDING AGENCIES' WITHHOLDING OF RECORDS

8.) Plaintiff has submitted requests for records pursuant to the Freedom of Information Act ("FOIA") 5 USC §552 and the Privacy Act of 1974 ("PA") 5 USC §552a to the agencies mentioned in paragraph 7.) of this complaint regarding:

    a.) William Steven Price

        1.) to FBI on 11-27-2009

        2.) to EOUSA on 12-31-2009

    b.) Tami Lynn Price

        1.) to FBI on 2-8-2010

9.) FBI records pertaining to William Steven Price are being withheld pursuant to a FOIA waiver contained in Mr. Price's plea agreement, which reads:

> "The defendant waives all of his rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case including, without limitation, any records that may be sought under the Freedom of Information Act, 5 USC §552, or the Privacy Act of 1974, 5 USC §552a."

10.) FBI has refused to process the request for Mr. Price's records, in spite of a valid release authorization from Mr. Price. FBI has also ignored the assertion that Mr. Price's

plea agreement is not binding upon Plaintiff - Plaintiff's rights under 5 USC §552 & §552a remain intact, and therefore the request for records should have been processed.

11.) EOUSA has failed to promptly release the records requested by Plaintiff regarding Mr. Price, in violation of 5 USC §552(a)(6)(C)(i):

> "Upon any determination by an agency to comply with a request for records, the records shall be made promptly available to such person making such request."

12.) EOUSA has made no claim of "unusual circumstances", as provided in §552(a)(6)(B), therefore the failure of EOUSA to promptly provide the requested records is untenable.

13.) FBI has refused to release records pertaining to Tami Lynn Price, claiming that the exemption in 5 USC §552(b)(7)(A) allows them to withhold all requested records of Ms. Price. As it is well established that such "blanket exemptions" are not allowable under the FOIA, FBI has wrongfully withheld the requested records of Ms. Price.

14.) In withholding Ms. Price's records, FBI states:

> "...that there is a pending or prospective law enforcement proceeding relevant to these responsive records; and that release of the

information contained in these responsive records could reasonably be expected to interfere with the enforcement proceedings."

FBI's statement is wholly unsupported, as Ms. Price's only involvement with FBI was in relation to the investigation of Mr. Price. As the investigation of Mr. Price concluded in 2008, any records of Ms. Price in the now closed investigation do not fall under the protection of any exemption in the FOIA and should have been disclosed. The FBI simply fabricated this statement to avoid compliance with the law as provided in 5 USC §552 and §552a.

15.) Plaintiff has submitted the FOIA/PA requests listed in paragraphs 16 and 17 of this complaint, and both FBI and EOUSA have failed to comply with Plaintiff's requests.

PLAINTIFF'S FOIA/PA REQUESTS

16.) For Records of William Steven Price:

    a.) FBI

        1.) Request of 11/27/2009 - Request No. 1141512-000 received by FBI on 12/17/09 by U.S. Mail;

    b.) EOUSA

        1.) Request of 12/31/2009 - Request No. 09-4676 received by EOUSA on 1/6/2009 by facsimile.

17.) For Records of Tami Lynn Price:

    a.) FBI

        1.) Request of 2/8/2010 - Request No. 1143733-000 received by EOUSA on 2/17/2010 by facsimile.

18.) Upon information and belief, the defendant agencies have received Plaintiff's FOIA/PA requests listed in paragraphs 16 and 17.

19.) To date, the defendant agencies have not disclosed the records responsive to Plaintiff's FOIA/PA requests.

20.) The defendant agencies have violated the applicable time limit for the processing of Plaintiff's FOIA/PA requests.

21.) Plaintiff has exhausted the applicable administrative remedies.

22.) The defendant agencies have wrongfully withheld the requested records from Plaintiff.

CAUSE OF ACTION

Violation of the Freedom of Information Act for
Wrongful Withholding of Agency Records

23.) Plaintiff realleges paragraphs 1-22.

24.) Plaintiff further alleges that the defendant agencies have acted in a willful and intentional manner demonstrated by their disregard for the law requiring them to search for the requested records, by failing to promptly provide the responsive records, and by improperly exempting the responsive records from disclosure.

25.) The defendant agencies have wrongfully withheld agency records requested by Plaintiff by failing to comply with the statutory time limit for the processing of FOIA requests.

26.) Plaintiff alleges that the defendant agencies have acted arbitrarily and capriciously, denying Plaintiff access to requested records by invoking a FOIA waiver to which Plaintiff was not a party.

27.) Plaintiff alleges that the defendant agencies have acted in bad faith by failing to promptly provide the requested records, thereby demonstrating a willful disregard of the law requiring prompt provision of responsive records to a requester.

28.) Plaintiff alleges that the defendant agencies have acted in bad faith by improperly applying the exemption of 5 USC §552(b)(7)(A) in a willful and intentional effort to avoid production of the records responsive to Plaintiff's request.

29.) Plaintiff has exhausted the applicable administrative remedies with respect to the defendant agencies' wrongful withholding of the requested records.

30.) Plaintiff is entitled to injunctive relief with respect to the release and disclosure of the requested records.

REQUESTED RELIEF

WHEREFORE, Plaintiff prays that this Court:

A.) Order each defendant agency to immediately release all records requested by Plaintiff in their entirety;

B.) Find that the individuals responsible for withholding the records requested by Plaintiff may have acted arbitrarily and capriciously;

C.) Make a determination that Plaintiff has substantially prevailed in this action, in accord with 5 USC §552(a)(4)(E)(ii);

D.) Make a determination that defendant agencies acted in bad faith by:
1.) improperly asserting Plaintiff was barred from receiving the requested records by an irrelevant FOIA/PA waiver;
2.) improperly refusing to search for the requested records;
3.) failing to promptly release the requested records;
4.) improperly utilizing a "blanket exemption", preventing disclosure of the requested records;
5.) falsely purporting that the requested records are part of a pending or prospective law enforcement proceeding.

E.) Impose sanctions upon defendant agencies in response to the disregard shown for their duty under FOIA to disclose requested documents to Plaintiff.

Respectfully submitted,

*Bernice Ebling*
Bernice Ebling, Pro Se

2815 Faraon Street

Saint Joseph, Missouri  64501